NEW-YORK,
May, 1808.

Cruger
v.
Cropsey.

A plea *puis dar-rein continuance* of a discharge, under the insolvent act, stating, generally, that the defendant being an insolvent debtor, and having in all things conformed to the directions of the act, in pursuance thereof, on such a day, obtained his discharge, &c. is bad. The discharge, at least, ought to be set forth in the plea.

## Cruger *against* Cropsey.

THIS was an action of *assumpsit* on a promissory note made by the defendant to the plaintiff. The declaration was filed as of *May* term, 1806, to which the defendant pleaded *non assumpsit*. Continuances were entered to *August* and *November* term, 1806, when the defendant put in a plea *puis darrein continuance*, as follows, to wit, " and the said defendant comes and says, that the said plaintiff ought not further to maintain his said action against the said defendant, because he says, that since the last continuance of the plea between them, to wit, after the first *Monday* in *August*, 1806, from which day the said parties were last continued here to the second *Monday* of *November*, to wit, on the 8th day of *November*, in the year last aforesaid, at the city of *New-York*, he, the said defendant, being then an insolvent debtor, and having conformed in all things to the directions of the act of the legislature of the state of *New-York*, entitled " An act for giving relief in cases of insolvency, passed the third day of *April*, 1801;" by virtue of the said act, did obtain, by order of the honourable *Brockholst Livingston*, Esquire, one of the justices of the supreme court of judicature of the state of *New-York*, in pursuance thereof, a discharge from all the debts due by him the said defendant, on the eighth day of *November*, 1806, and contracted for before that time, though payable afterwards, as in and by the said discharge, under the hand and seal of the said *Brockholst Livingston*, relation thereto being had will more fully appear; and the said defendant avers that the promise and undertaking in the bill of the said plaintiff mentioned was made before the eighth of *November*, 1806, to wit, on the day and year in the said bill mentioned, and this he is ready to verify, wherefore he prays judgment," &c. To this plea there was a special demurrer and joinder. The causes of demurrer assigned were, 1. That there was no *profert* or

NEW-YORK, May, 1808.

Cruger v. Cropsey.

oyer given of the discharge. 2. That it did not aver that the discharge was granted by the justice, nor that the judge or justice was authorised to grant the same, nor did it show or set forth how, or in what manner the defendant had conformed in all things to the act, nor did it appear from the said plea, that he had conformed to the act, nor that it had been so determined, or that it so appeared to the judge. 3. That the plea ought to have set forth the discharge or the contents thereof.

*J. Radcliff*, in support of the demurrer. In the case of *Service* v. *Heermance*,[*] the discharge of the insolvent, which recited all the proceedings in relation to the insolvent, were set forth *verbatim*, which seems to be the least that the court will require. In the present case there is a mere reference to the discharge. As it was an instrument under seal, there ought at least to have been a *profert* of it.

*Baldwin*, contra. A *profert* cannot be necessary in a case like the present. It is required only where there is a deed executed by the party, of which a *profert* is made, in order that it may be seen to be the same deed. A *profert* would not aid the plaintiff, who might have replied that there was no such discharge. The substance of the discharge is set forth ; it is in the nature of a *release*, and you need not set forth a release *verbatim* ; it is enough to state it substantially. Again, the discharge is a matter of record, to which the plaintiff may resort, so there was no necessity of setting it forth *verbatim* in the plea.

*Per Curiam.* The plea is clearly bad ; but the defendant has leave to amend on payment of costs.

Judgment for plaintiff.

[*] 1 *John*, 91.